## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 1 8 2014 ★

BROOKLYN OFFICE

| | |
|---|---|
| NEW ANGLE DIRECT LLC, and | ) |
| ONE BARSTOW PROPERTIES, INC., | ) |
| | ) |
| Plaintiffs | ) |
| v. | ) C.A. No. 14-3803-BMC |
| | ) |
| CWI, Inc., | ) |
| Defendant. | ) |

## SCHEDULING ORDER AND DISCOVERY PLAN

At Brooklyn this 15th day of September, 2014, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16;

IT IS ORDERED that:

10/8/2014

1. **Pre-Discovery Disclosures.** The parties will exchange by ~~October 15, 2014~~ the

information required by Fed. R. Civ. P. 26(a)(1), including the following:

(a) Custodians. The 10 custodians most likely to have discoverable information in their

possession, custody or control, from the most likely to the least likely. The custodians shall be identified

by name, title, role in the instant dispute, and the subject matter of the information.

(b) Non-custodial data sources. A list of the non-custodial data sources that are most likely to

contain non-duplicative discoverable information for preservation and production consideration, from

the most likely to the least likely.

1

(c) Notice.  The parties shall identify any issues relating to:  (i) Any electronically stored information (ESI, by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i); (ii) Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery; (iii) Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws. Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

2.  **Discovery.**

(a) [Plaintiffs' Position] The issues of liability, willfulness and damages should be tried together [Defendant's Position] The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b) Discovery will be needed on the following subjects: patent infringement/non-infringement; patent validity/invalidity; claim construction; licensing; and counterclaims and affirmative defenses asserted by the parties; [Plaintiff's Position] and damages, including import and sales of alleged infringing product; [Defendant's Position] since the issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise, damages discovery will be deferred at this time.

BMC

4/17/2015

(c) All fact discovery shall be commenced in time to be completed by July 10, 2015.

(1) Maximum of 25 interrogatories by each party to any other party.

(2) Discovery shall be governed by the Federal Rules, which is incorporated herein by reference.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.  The

parties will endeavor to provide a suitable Protective Order for entry in the case.  The deadlines

for the initial discovery obligations shall be as follows: ~~October 15, 2014~~ 10/8/2014 plaintiffs shall

specifically identify the accused products and the asserted patent(s) they allegedly ~~infringe,~~ infringe.

~~[Plaintiffs' position] Plaintiffs do not have a copy of the file history, and believe that technical~~

~~documents for Plaintiffs' product are not relevant; [Defendant's position]~~ Plaintiffs shall

produce the file history for each asserted patent, ~~and technical documents, including but not~~

~~limited to operation manuals, product literature, schematics, and specifications, related to any~~

~~products sold by plaintiff(s) that practice the patented invention; November 14, 2014~~

~~defendant shall produce to the plaintiffs the core technical documents related to the accused~~

~~product(s), including but not limited to operation manuals, product literature, schematics, and~~

~~specifications; December 30, 2014~~ 12/1/2014 plaintiffs shall produce to defendant an initial claim chart

relating each accused product to the asserted claims each product allegedly infringes; and

~~January 29, 2015~~ 12/19/2014 defendant shall produce to the plaintiffs its initial invalidity contentions for

each asserted claim, as well as the related invalidating references (e.g., publications, manuals

and patents).

BMC

(3) Absent a showing of good cause, follow-up discovery shall be limited to a term of 6

years before the filing of the complaint, except that discovery related to asserted prior art or the

conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be

so limited.  There will be no requirement to log documents subject to a claim of privilege created

on or after the date of filing this lawsuit.

(4) Maximum of 50 requests for admission by each party to any other party, excluding

requests for admission related to the authentication of documents.

(5) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be

2/6/2015

completed on or before ~~February 27, 2015.~~ No deposition (other than those noticed under

BMC

Fed. R. Civ. P. 30(b)(6) shall be scheduled prior to the completion of e-discovery and a meet

and confer between the parties for scheduling said depositions.

(6) Specific E-Discovery Issues.

a. On-site inspection of electronic media. Such an inspection shall not be

permitted absent a demonstration by the requesting party of specific need and good

cause.

b. Search methodology. If the producing party elects to use search terms to

locate potentially responsive ESI, it shall disclose the search terms to the requesting

party. Absent a showing of good cause, a requesting party may request no more than

10 additional terms to be used in connection with the electronic search. Focused terms,

rather than over-broad terms (e.g., product and company names), shall be employed.

The producing party shall search (i) the non-custodial data sources identified in

accordance with paragraph 1(b); and (ii) emails and other ESI maintained by the

custodians identified in accordance with paragraph 1(a).

c. Format. ESI and non-ESI shall be produced to the requesting party as text

searchable image files (e.g., PDF or TIFF). When a text-searchable image file is

produced, the producing party must preserve the integrity of the underlying ESI, i.e., the

original formatting, the metadata (as noted below) and, where applicable, the revision

history. The parties shall produce their information in the following format: single page

TIFF images and associated multi-page text files containing extracted text or OCR with

4

Concordance and Opticon load files containing all requisite information including

relevant metadata.

d. Native files. The only files that should be produced in native format are files

not easily converted to image format, such as Excel and Access files.

e. Metadata fields. The parties are only obligated to provide the following

metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path,

Email Subject, Conversation Index, From,To,CC, BCC, Date Sent, Time Sent, Date

Received, Time Received, Filename, Author, Date Created, Date Modified, MD5

Hash, File Size, File Extension, Control Number Begin, Control Number End,

Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

(6) Maximum of 50 hours for fact depositions by each side, not including third-party

depositions.  Each fact deposition is limited to a maximum of 7 hours for each fact witness, and

14 hours for each inventor, unless extended by agreement of parties.

5/29/2015
(d) Expert discovery shall be commenced in time to be completed by ~~September 10, 2015~~.

(1) Expert reports on issues for which the parties have the burden of proof are due
2/12/2015                                      2/19/2015
~~April 17, 2015~~.  Rebuttal expert reports are due ~~May 1, 2015~~.  Supplement reports (for, e.g.,
2/27/2019
on secondary considerations of obviousness) due ~~May 15, 2015~~.

(2) Expert depositions to be limited to a maximum of 14 hours per expert unless

extended by agreement of the parties.
6/12/2015

(3) All Daubert motions shall be filed on or before ~~September 24, 2015~~.
5/8/2015
(e) Supplementations under Rule 26(e) due ~~July 31, 2015~~.

BMC

5

(f) Discovery Disputes. For discovery motions, follow Local Civil Rule 37.3. In addition, counsel must first describe their disputes in a single letter, jointly composed. Separate and successive letters will be returned, unread. Strict adherence to Fed.R.Civ.P. 37(a)(2)(A), the meet and confer rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion.

(g) Fact Witnesses to be Called at Trial. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before ~~February 12, 2015~~ 1/15/2015.

BMC

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms by ~~March 13, 2015~~ 1/15/2015. This document will not be filed with the court. Subsequent to exchanging such lists, the parties

BMC

will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

      6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning. The parties shall agree upon and file the Joint Claim Construction Statement on ~~March 27, 2015~~ [1/29/2015], with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before ~~April 3, 2015~~ [2/5/2015]. Defendant shall serve and file its answering claim construction brief on or before ~~April 17, 2015~~ [2/12/2015]. Plaintiff shall serve and file its reply brief on or before **May 1, 2015**. Defendant shall serve and file its surreply brief on or before ~~May 15, 2015~~ [2/19/2015]. Each party is permitted to submit by DVD to the Court a claim construction tutorial having length no greater than one hour by ~~May 21, 2015~~ [2/27/2015]. The hearing on the claim construction will be heard ~~on June ___, 2015 at~~ [at a date to be set by this Court.]

_:___.m. Plaintiff will commence the presentation. Each party will have one hour for its presentation, with up to 15 minutes reserved for rebuttal. Final infringement contentions shall be due **15 days after** issuance of the Court's ruling on claim construction. Final invalidity/unenforceability contentions shall be due **30 days after** issuance the Court's ruling on claim construction.

      7. **Summary Judgment Motions.**

      (a) All summary judgment motions shall be served and filed on or before ~~October 14, 2015~~ [6/26/2015]. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

      ~~(b) Opening briefs on infringement and invalidity shall be served and filed on or before November 13, 2015.~~

BMC

7

(c) Opening briefs or combined opening-answering briefs on non-infringement and validity shall be served and filed on or before **December 11, 2015.**

(d) Where cross-motions are not presented, answering and reply briefs shall be due 30 days calculated from the filing of any opening brief.

(e) Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

(f) The hearing on motion(s) for summary judgment will be heard on **December __ , 2015 at** _: __ .m.

8. **Applications by Motion.** Any application to the court shall follow February 2014 INDIVIDUAL PRACTICES OF JUDGE BRIAN M. COGAN.

9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on **March __ , 2016 at** _: __ .m. in courtroom ___ of the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. The Federal Rules of Civil Procedure shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a five-day jury trial commencing on **March __ , 2016** in courtroom ___ of the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

SO ORDERED:

/s/ Brian M. Cogan
_____
UNITED STATES DISTRICT JUDGE

Dated: Brooklyn, New York
          September 16, 2014

8